**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of  Edward and Barbara }
Keough                                    }
                                               }      Docket No. 244-11-02 Vtec
                                               }
                                               }

Decision and Order

Appellants Edward and Barbara Keough appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton, denying approval to enlarge their existing non-conforming residence. Appellant-Applicants are represented by Christopher H. Howe, Esq.; Interested Party Jocelyn McLaughlin is represented by William H. Meub, Esq.; and the Town of Castleton is represented by Theodore A. Parisi, Esq.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own a lakefront lot (106 Spooner Road) in the Spooner Point or Mystery Point development on Lake Bomoseen. Interested party Jocelyn McLaughlin owns the adjacent vacant lakefront lot to the west, and also owns a lot across the road from the vacant lot improved with a house. As the land generally slopes upwards from the lake, the McLaughlin house overlooks Appellants= lot diagonally down through the trees towards the lake, while the McLaughlin vacant lot is directly adjacent to Appellants= lot and house. Appellants= house and lot is not very visible through the trees from the McLaughlin house in the summer when the leaves are on the deciduous trees. Appellants= house and lot are very visible from the adjacent McLaughlin vacant lot.

Appellants= lot slopes down from the road towards the lake. It has 70 feet of road frontage, a depth of 137 feet on the west side and 165 feet on the east side, and lake frontage of approximately 90 feet, from which the area of the lot may be calculated as 10,570 square feet. The lot had been improved with a ranch style house built in the late 1950s or early 1960s, before the first zoning ordinance was adopted in Castleton in August of 1971. The parties have not presented evidence to establish what lot size or setbacks were applicable to the property in 1971, that is, whether it first became non-conforming in 1971 or as of the enactment of some subsequent zoning amendment.

Appellants purchased their property in September 1986, and made no improvements to it as of August of 1987, when the Zoning Ordinance wase adopted. At that time, the footprint of the existing 30' x 58' house (including the garage area at one end that was later converted to a bedroom), was 1,740 square feet. After that date, a screened-in and roofed room approximately

10' x 24' in size was added to the westerly side of the rear of the house, and a kitchen addition approximately 6' x 12' in size was added[1] to the easterly side of the rear of the house, so that as it now exists, Appellants= house is a U-shape facing the lake.

The house is 3 feet from its westerly boundary line with the McLaughlin vacant lot, 9 feet from its easterly boundary line, 46 feet from the road and 51 feet from the lake. The roofline of the screened-in room adjacent to the McLaughlin vacant lot is oriented so that half of the runoff from that portion of the roof would drain towards the McLaughlin vacant lot. The edition of the Zoning Ordinance entered into evidence by the parties went into effect in August of 1987, and was last amended in December of 1997. Under that ordinance, Appellants= house is in the R-40 zoning district, in which the minimum lot size for residential uses is 40,000 square feet, the minimum lot frontage is 150 feet, the minimum front yard setback is 50 feet, the minimum side yard setback is 30 feet, and the maximum lot coverage is 15 percent. Thus, as of August 20, 1987, the property was non-conforming as to lot size, lot frontage, front yard setback, both side yard setbacks, and lot coverage (1,740 square feet in building footprint ) 10,570 square feet of lot area =16.46 %).

A non-conforming building may be enlarged under ' 400.1 of the Zoning Ordinance if approved by the ZBA, and hence this Court, under the following three standards:

a. No adverse effect on traffic in the vicinity.

b. No adverse effect upon surrounding property.

c. An increase in gross area not more than 50 percent of the total ground area covered by the building on the date of adoption [of the Zoning Ordinance] or amendment which made it non-conforming.

The third criterion must be interpreted to mean the increase in floor area within the enlarged building, as a percentage of the footprint of the building as it existed when it became non-conforming. Otherwise, to interpret the term A gross@ area to mean the same as A ground@ area would first of all render the distinction between those two terms surplusage, and would also yield the absurd result of allowing any amount of increase in the height or number of floors in an already non-conforming building, as long as it did not increase the footprint.

Thus, the original non-conforming building of 1,740 square feet could have had up to 870 square feet of total enlargement of gross area. It has already had additions of 240 square feet for the screened-in, roofed room on the westerly side of the rear of the house, and 72 square feet for the kitchen addition, leaving a remaining potential enlargement of 558 square feet of gross floor area.

The gross floor area of the building proposed to be added by the proposed enlargement is that extending over the original 30' x 58' part of the house or an additional 1,740 square feet. Even without considering the 312 square feet of enlargement that have already taken place, the proposed enlargement is an additional 100% of the total ground area covered by the building on the date of adoption of the Zoning Ordinance which made it non-conforming. That scale of

proposed enlargement is double the total of what would be allowed under ' 400.1(c) of the Zoning Ordinance.

The proposed enlargement, designed as it is so close to the property line with the McLaughlin vacant lot, will also have an adverse effect on that property, regardless of whether the added height will appreciably block any portion of the view over the lake from the McLaughlin house when the leaves are off the trees. Both Appellant= s lot and the McLaughlin vacant lot are relatively narrow: less than half the lot width that would be required for a new lot under the current Zoning Ordinance. Even if the drainage can be conducted from Appellants= new roof away from the McLaughlin vacant lot, the higher building so close to the property line will obtrusively loom over the McLaughlin vacant lot and adversely affect its potential for use either as a building lot for a small camp or boathouse, or simply for lakeside recreation use by the McLaughlin and their guests.

The proposed enlargement will not have an adverse effect upon traffic.

The question of whether any past enlargements or modifications of the non-conforming building also required or obtained zoning permits or septic permits or certificates of occupancy is beyond the scope of the present appeal, as is the question of whether the kitchen addition extends more than six feet beyond the lakeside wall of the house.

Also quite separate from the analysis of the proposed building enlargement under the Zoning Ordinance, the proposed building enlargement may also have to be analyzed under private property covenants applicable within the development in which the parties= properties are located. However, any questions as to whether the covenant also precludes the proposed addition to the height of this house is a matter of property law within the purview of Superior Court and not for this Court to determine.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= application to enlarge their existing non-conforming residence is denied for failure to meet the provisions of ' 400.1(c) and ' 400.1(b) of the Zoning Ordinance of the Town of Castleton. This denial is without prejudice to any future application Appellants may make for a smaller or redesigned enlargement to the non-conforming building on the property.

Dated at Barre, Vermont, this 8th day of October, 2003.


_____
Merideth Wright
Environmental Judge

## Footnotes

[1] Even if it was added in the location of a then-existing deck, it would not have been included in the footprint of the building until the roof was added. See definition of 'building' in the Zoning Ordinance, and see §721.